IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,

      Plaintiff,

vs.

CALIFORNIA DEPT OF CORRECTIONS - BOARD OF PAROLE HEARINGS,

      Defendant.

No. 2:12-cv-2366 EFB P

ORDER

      Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). For the reasons explained below, the court finds that this action should be dismissed as duplicative and because plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In this action, plaintiff claims that his constitutional rights were violated during parole revocation proceedings that occurred in 2011 in San Diego County. In the complaint, plaintiff refers to a prior action that he commenced regarding this same issue. Plaintiff filed that earlier action in this court, but this court transferred that action to the United States District Court for the Southern District of California. Plaintiff admits that the instant action is duplicative, explaining that "this action is being properly refiled in this court due to erroneous action of Magistrate Brennan to transfer the previously filed complaint to the Southern District." Dckt. No. 1. at 2.

Having reviewed the complaint in this action, the court finds this action should be dismissed as frivolous because it is duplicative of the earlier filed action, *Consiglio v. California Department of Corrections – Board of Parole Hearings*, No. 12-cv-2143 WQD (MDD).[1] *See* 28 U.S.C. § 1915A(b)(1); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). Due to the duplicative nature of the present action, this action should be dismissed.

This action must also be dismissed because plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). In determining whether an action was dismissed because it was frivolous, malicious or failed to state a claim, the court must carefully evaluate the dismissal order and other relevant information. *Id.* at 1121; *see also Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); *O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

After this court transferred plaintiff's first action to the United States District Court for the Southern District, that court dismissed plaintiff's action pursuant to § 1915(g). *See Consiglio v. California Department of Corrections – Board of Parole Hearings*, No. 12-cv-2143 WQD (MDD) (Sept. 25, 2012 Order Dismissing Case). The court found that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. These included:

////

////

3

1) *Consiglio v. Przytulski*, Civil Case No. 92-00339 K (S.D. Cal. March 4, 1992) (Order Dismissing Case under 28 U.S.C. 1915(d) [as frivolous or malicious]) (Doc. No. 3) (strike one);

2) *Consiglio v. Roache*, Civil Case No. 92-00153 B (BTM) (S. D. Cal. July 2, 1992) (Order Granting Defendant's Motion to Dismiss for Failure to State a Claim) (Doc. No. 8) (strike two);

3) *Consiglio v. County of San Diego*, Civil Case No. 92-0572 G (BTM) (S.D. 1711 Cal.) (September 4, 1992) (Order Granting Defendant's Motion to Dismiss II [for failure to state a claim]) (Doc. No. 11) (strike three).

*See Consiglio v. California Department of Corrections – Board of Parole Hearings*, No. 12-cv-2143 WQD (MDD) (Sept. 25, 2012 Order Dismissing Case). The court also found that plaintiff had failed make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint, and was therefore, "not entitled to the privilege of proceeding IFP in this action." *Id.*

Likewise, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.); *id.* at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful[ ] when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm"). Though plaintiff claims that because of his poor health he may die in prison, the issue raised in the complaint is the validity of parole revocation proceedings that occurred over a year ago. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

////

////

1     Accordingly, it is hereby ORDERED that:

2     1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 3) is denied;

3     2. All outstanding motions are denied; and

4     3. This action is dismissed as frivolous and for failure to pay the filing fee, without prejudice to re-filing upon pre-payment of the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915A(b)(1), 1915(g).

DATED: October 10, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5